# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DARWIN SELECT INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 12-CV-2742 H (KSC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY TY R. SAGALOW** <br><br> [Doc. No. 74] |

On March 27, 2014, Plaintiff Millennium Laboratories, Inc. ("Millennium Labs") filed under seal a motion to exclude the expert opinion testimony of Ty R. Sagalow. (Doc. No. 68, filed under seal as Doc. No. 74.) On April 18, 2014, Defendant Darwin Select Insurance Company ("Darwin") filed a response in opposition to the motion to exclude. (Doc. No. 91, sealed.) On April 22, 2014, Millennium Labs filed its reply. (Doc. No. 98.) The Court held a hearing on Millennium Labs's motion to exclude on April 25, 2014. Marc D. Halpern, Vincent H. Herron, and Anthony J. Matera appeared for Millennium Labs. Ronald P. Schiller and Robert A. Wiygul appeared for Darwin. The Court denies Millennium Labs's motion to exclude expert testimony without prejudice.

///

**Background**

This action involves an insurance coverage dispute. Plaintiff Millennium Labs is a diagnostics laboratory that provides specialty testing services at the request of health care providers. (Doc. No. 73-1, Declaration of Robert Wiygul ("Wiygul Decl."), Ex. 1.) Specifically, Millennium Labs offers urine drug testing to identify the presence or absence of medications, illegal drugs, and other substances present in a patient's system at the time of the test. (Id.; see also Wiygul Decl., Ex. 2.) Millennium Labs obtained from Darwin a Miscellaneous Medical Facilities, Professional Employment Practices and General Liability Insurance Policy No. 0305-0307 ("the policy"), issued for the policy period of December 1, 2011 to December 1, 2012. (Doc. No. 73-2, Wiygul Decl., Ex. 6.) The policy covers "claims alleging Personal or Advertising Injury caused by an offense that takes place during the policy period" and defines "Personal or Advertising injury" in pertinent part as "injury, other than bodily injury, arising out of . . . [o]ral or written publication, in any manner, that slanders or libels a person or organization or disparages a person's or organization's goods, product or services." (Id. at 17, §I.B.2; id. at III.CC.4.) The policy's coverage includes "the right and duty to defend any such Claim brought against" Millennium Labs. (Id. at 17, §I.B.2.)

The action concerns two underlying lawsuits that Millennium alleges trigger Darwin's duty to defend, Ameritox Ltd. v. Millennium Laboratories, Inc. ("Ameritox"), Case No. 11-cv-775 (M.D. Fla.), and Millennium Laboratories, Inc. v. Calloway Laboratories, Inc. ("Calloway"), Case No. 10-3496 (Mass. Super. Ct.). On May 13, 2014, the Court granted Millennium Labs's motion for summary judgment, and denied Darwin's cross-motion for summary judgment, ruling that the underlying actions triggered Darwin's duty to defend under the "potential for coverage" standard. (Doc. No 112.) The Court also denied Darwin's motion for summary judgment on Millennium Labs's allegation of bad faith. (Id.) Millennium now moves the Court to exclude the testimony of Darwin's expert Ty R. Sagalow under Federal Rules of

Evidence 104, 402, 403, 702, and 703.  (Doc. No. 74 at 2, sealed.)  Specifically, Millennium Labs moves to exclude Mr. Sagalow's testimony on the grounds that his opinions make impermissible findings of fact and conclusions of law, usurp the role of the jury, depend on unreliable or inadmissible testimony, and are confusing and prejudicial. (Doc. No. 74-1 at 11-18.) Darwin's opposition argues that Mr. Sagalow's opinions are relevant and permissible, and that Millennium Labs's objections go to the weight of his testimony rather than its admissibility.  (Doc. No. 91 at 10-17.)

## Discussion

### I.   Legal Standards for Motions to Exclude Expert Testimony

Federal Rule of Evidence 702 requires that a testifying expert be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Rule 702 "contemplates a broad conception of expert qualifications." Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1269 (9th Cir. 1994).  Moreover, "the advisory committee notes emphasize that Rule 702 is broadly phrased and intended to embrace more than a narrow definition of qualified expert." Id.  Rule 702 allows the Court to admit as evidence the opinion of a qualified expert if his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The Ninth Circuit has interpreted Rule 702 to require that "[e]xpert testimony must be both relevant and reliable." United States v. Vallejo, 237 F.3d 1008, 1019 (9th Cir. 2001).  The "test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 595 (1993)). The district court is accorded broad latitude in determining the reliability of expert testimony. Id. at 142.

Rule 703 of the Federal Rules of Evidence permits experts to render opinions even if based on inadmissible evidence so long as the inadmissible evidence is of the type reasonably relied on by experts in that field. Daubert, 509 U.S. at 595.  Such

inadmissible facts or data may be admissible as the basis for an expert's opinion if their "probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

Courts are charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. Daubert, 509 U.S. at 597. The district court has broad discretion in assessing the relevance and reliability of expert testimony. United States v. Finley, 301 F.3d 1000, 1007 (9th Cir. 2002). The inquiry into admissibility of expert opinion is a "flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010). "Under Daubert, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Id. (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)).

**II.   Analysis**

Darwin retained Mr. Sagalow to provide expert testimony concerning the insurance industry's custom and practice as it relates to the policy provisions at issue in this action. (See Doc. No. 91 at 8 (sealed).) Millennium Labs moves to exclude Mr. Sagalow's testimony on certain provisions of the policy, including their typicality in the insurance industry and the possibility that they may be interpreted in a way to deny Millennium Labs coverage in the underlying lawsuits. (Doc. No. 74-1 at 16-19.) Darwin opposes, arguing that Mr. Sagalow's opinions on these matters are relevant and permissible. (Doc. No. 91.)

Darwin's expert, Ty R. Sagalow, is qualified as an expert under Rule 702 by way of his experience and education. Mr. Sagalow has over 30 years' experience as an insurance executive, and has served as both chief underwriting officer and general counsel at one of the world's largest insurance companies, AIG. (See Doc. No. 74-4, Report of Ty R. Sagalow, at 3 (sealed).) His diverse professional experience at a

variety of companies in the insurance industry demonstrates a breadth of experience drafting and interpreting policies, making underwriting decisions, and claims handling. (See id.) Mr. Sagalow graduated with a bachelor's degree from Long Island University, a J.D. from the Georgetown University Law Center, and an L.L.M. from New York University Law School. (Id.) In addition, he is an author of several works in the field of liability insurance policies. (See id.) Mr. Sagalow produced a twenty-three page expert report based on his review of the policy and Darwin's underwriting file, discussing industry custom and usage as well as the history and purpose of key provisions of the policy at issue. (Doc. No. 74-4, Ex. C (sealed); see also Doc. No. 91 at 12-13 (sealed).)

The Court concludes that Sagalow's experience, training, and education provided a sufficient foundation of reliability for his testimony. His specialized knowledge in the insurance field may be helpful to the trier of fact in understanding the evidence or determining facts in issue. See Fed. R. Evid. 702. After due consideration, the Court denies Millennium Labs's motion to exclude the expert testimony of Mr. Sagalow without prejudice.

## Conclusion

Darwin has shown that the expert testimony of Mr. Sagalow is relevant and reliable. Vallejo, 237 F.3d at 1019. Accordingly, the Court denies Millennium Labs's motion to exclude his testimony at trial.

**IT IS SO ORDERED.**

DATED: May 14, 2014

_[signature]_
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT