# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>DARWIN SELECT INSURANCE CO.,<br><br>            Defendant. | Case No.  12-cv-2742 BAS (KSC)<br><br>**ORDER**<br>**(1) DENYING DARWIN'S MOTION FOR RECONSIDERATION (DOC. 146)**<br>**(2) DENYING DARWIN'S SUPPLEMENTAL MOTION FOR RECONSIDERATION (DOC. 153)** |

On May 13, 2014, the court granted Plaintiff Millennium Laboratories, Inc.'s motion for summary judgment. Doc. 112. The court found that "the *Ameritox* third amended complaint and the *Calloway* counterclaim create a 'potential for coverage' under the terms of the policy." Order Grant Summ. J. 9:20–22.

On June 9, 2014, Defendant filed a Motion for Clarification and/or Reconsideration of the court's order granting Plaintiff's summary judgment motion. Doc. 146. Defendant stated the "motion does not seek to reargue issues that were clearly decided by the Order." Def.'s Mot. Recons. 2:5–6. Instead, Defendant seeks clarification as to whether (1) the court considered extrinsic evidence beyond that

tendered to Defendant, and (2) whether consideration of that evidence was in clear error.

Defendant does not cite to a statutory or precedential basis for its motion directly.  However, *Carroll v. Nakatani*, 342 F.3d 934 (9th Cir. 2003), cited in their motion as the applicable legal standard, concerns motions for reconsideration raised under Federal Rules of Civil Procedure Rule 59(e).  Def.'s Mot. Recons. 3:9–20.  Thus, Defendant's so-called "motion for clarification and/or reconsideration" will be treated as a motion to alter or amend judgment under Rule 59(e).

The Court considered this motion on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **DENIES** Defendants' motion.  Doc. 146.

## I.     LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment).  *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted).  Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*  It

does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

## II.   DISCUSSION

Defendant seeks clarification as to the basis for the court's finding that the *Ameritox* Third Amended Complaint and the *Calloway* counterclaim created a "potential for coverage" such that its duty to defend Plaintiff was triggered. As the court noted in its order, "'the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot.' *Montrose Chem.* [*Corp. v. Superior Court*,] 6 Cal. 4th [287,] 300 [(1993)]." Order Grant Summ. J. 9:23–24. The court unambiguously applies this legal standard only to the complaint and the counterclaim themselves. In relevant part, the court stated:

> When Millennium Labs tendered its claim for coverage of the *Ameritox* action under the policy, it included the text of ¶ 28, stating that "Millennium's actions have evidenced its intent to do harm to Ameritox in the marketplace at any cost, and Millennium has instructed its sales reps to do the same." (Doc No. 73-4, Ex. 20, sealed.) When Millennium Labs tendered its claim for coverage of the *Calloway* action, it included Calloway's allegation that Millennium "engaged in a concerted plan to 'attack' Calloway. . . through its marketing efforts" as well as Calloway's discovery responses mentioning the PowerPoint presentation as a basis for the counterclaim. (See Doc No. 73-4, Ex. 21, sealed; *see also* Doc. No. 75-10, Fowler Decl. Ex. D, *Calloway* Answer, at 18.) Based on this information, Darwin could have determined that the underlying actions fell within the policy's coverage of claims based on disparagement of an organization's goods, product or services. **Accordingly, the Court concludes that Millennium Labs has satisfied its burden to "show that the underlying claim may fall within policy coverage."** *Montrose Chem.* [*Corp. v. Superior Court*,] 6 Cal. 4th [287,] 300 [(1993)].

Order Grant Summ. J. 9:25–10:10.

Insofar as any clarification is required, the court *later* and separately addressed the extrinsic evidence—and therefore implicitly isolated it from the rationale for the court's decision.

The extrinsic evidence is, however, relevant in two ways.  First, the legal standard for "potential for coverage" requires an insurer to prove the facts giving rise to the duty cannot possibly give rise to a coverable claim.  In light of the extrinsic evidence, it would be impossible for Defendant to meet this burden, as all material elements for a disparagement claim are met here.  Defendant contends this evidence was not available at the time of tender; Defendant is wrong.  All the underlying acts giving rise to potential disparagement liability had already been perpetrated before Plaintiff tendered the claim to Defendant.  This leads directly to the second relevant aspect of the extrinsic evidence.

Defendant's failure to discover the extrinsic evidence highlighted in the court's order may expose Defendant to tort liability.  Defendant has a duty to perform a reasonably diligent inquiry into extrinsic evidence available at the time of tender.  A line of California case law finds an implied covenant of good faith and fair dealing between insurers and insured that is breached when an insurer denies payments to its insured without thoroughly investigating the claim.  *See Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 817–19 (1979) (denying disability payments to its insured without thorough investigation breaches covenant of good faith and fair dealing).  In fact, it is *unreasonable* for an insurer to deny payments to an insured without thoroughly investigating the foundation for its denial.  *Id.*  This doctrine is naturally extended to an insurer's denial of its duty to defend.  *See Eigner v. Worthington*, 57 Cal.App.4th 188, 195 (1997)[1].  The court, when it highlighted

---

[1] "The risk that an insurer takes when it denies coverage without investigation is that the insured may later be able to prove that a reasonable investigation would have uncovered evidence to establish coverage or a potential for coverage. In that case, the insurer will be liable for the costs of defense already incurred by the insured [citation] and could also be exposed to tort liability. [Citation.]"

the extrinsic evidence *arguably available if Defendant had undertaken a reasonable investigation*, was merely implicitly opining that Defendant may have exposed itself to additional liability.

Under *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*, S207172, 2014 WL 2609753 (Cal. June 12, 2014) ("*Swift*"), the court *could have* taken such extrinsic evidence into consideration because it was available at the time of tender, if defendant had undertaken reasonable discovery.[2]

All the underlying facts were available and may have been uncovered during a reasonable investigation. It is illogical to permit an insurer to hide its head in the sand and deny its duties because of its own failure to investigate. "Hear no evil, see no evil, speak no evil" is no defense for shirking a cognizable duty.

The remaining arguments put forth by Defendant in its motion are either not directly relevant to the Court reaching its conclusion, arguments that were raised before, or new arguments that could have reasonably been raised earlier. *See Kona Enters.*, 229 F.3d at 890; *Engleson*, 972 F.2d at 1044; *Ausmus*, 2009 WL 2058549, at *2. Therefore, the Court need not address those arguments. *See id.*

### III.   CONCLUSION & ORDER

Because Defendant fails to demonstrate entitlement to reconsideration, the Court **DENIES** its motion. Doc. 146.

**DATED: July 1, 2014**

Hon. Cynthia Bashant
United States District Judge

---

[2] "'But the duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered.' [Citation.] This includes all facts, both disputed and undisputed, that the insurer knows or 'becomes aware of' from any source [citation] 'if not "at the inception of the third party lawsuit," then "at the time of tender"'" [Citation.].