# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLENNIUM LABORATORIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DARWIN SELECT INSURANCE COMPANY,<br><br>    Defendant. | Case No. 12-cv-2742 BAS (KSC)<br><br>**ORDER:**<br>**(1) CLARIFYING EVIDENTIARY ISSUES;**<br>**(2) ORDERING SUPPLEMENTAL BRIEFING; AND**<br>**(3) DENYING DARWIN'S MOTION TO TERMINATE THE DUTY TO DEFEND**<br><br>**(ECF 195)** |

On December 3, 2014, the Court heard argument from the parties in this matter on several outstanding issues. This Order clarifies some of the outstanding issues, orders supplemental briefing to be filed simultaneously by both parties, and **DENIES** Darwin's Motion to Terminate its Duty to Defend. ECF 195.

## I.     Reasonableness of *Brandt* Fees

Under *Brandt v. Superior Court*, "When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that

1  expense. The attorney's fees are an economic loss—damages—proximately caused
2  by the tort." *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985). The fees "are
3  recoverable as damages resulting from a tort in the same way that medical fees
4  would be part of the damages in a personal injury action." *Id.*

5        At oral argument, Millennium suggested that the reasonableness of such fees
6  would not be in question at trial, citing to the *Brandt* court's comparison between
7  medical fee recovery and *Brandt* fees. Darwin argued that it could challenge the
8  reasonableness of fees. Darwin is correct.

9        Under California law, as well as the Restatement of Torts, "a personal injury
10 plaintiff may recover *the lesser* of (a) the amount paid or incurred for medical
11 services, and (b) the reasonable value of the services." *Howell v. Hamilton Meats*
12 *& Provisions, Inc.*, 52 Cal. 4th 541, 555–56 (2011); *but see Katiuzhinsky v. Perry*,
13 152 Cal. App. 4th 1288, 1296, 62 Cal. Rptr. 3d 309, 314 (2007) (holding a
14 tortfeasor liable for the full billed expense instead of the discounted debt purchased
15 by a bill collector). In the medical context, quoted prices do not generally represent
16 the real value of services, and as such are not "necessarily representative of either
17 the cost of providing those services or their market value." *Howell*, 52 Cal.4th at
18 564. Evidence of the amount actually paid is certainly admissible at trial. *Howell*,
19 52 Cal.4th at 562.

20       However, in the medical context, the California Supreme Court was reticent
21 to suggest alternate methods for calculating market value, other than the rate paid
22 for the services. *See Corenbaum*, *Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308,
23 1326–27 (2013), *as modified (May 13, 2013)* (analyzing *Howell*). The California
24 Court of Appeal has persuasively stated that expert testimony on the
25 reasonableness of fees from both parties would be admissible on this point. *See*
26 *Dodd v. Cruz*, 223 Cal.App.4th 933, 167 Cal. Rptr. 3d 601, 608 (2014)
27 (unpublished). As such, the reasonableness of rates and the amount of damages is
28 appropriately determined by the factfinder, and it is appropriately the lesser

between the amount actually paid and the reasonable rate.

In the context of *Brandt,* plaintiffs are charged with proving "(1) the amount to which the insured was entitled to recover under the policy, (2) that the insurer withheld payment unreasonably or without proper cause; (3) the amount that the insured paid or incurred in legal fees and expenses in establishing the insured's right to contract benefits and (4) the reasonableness of the fees and expenses so incurred." *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1079 (2007), *as modified on denial of reh'g (Apr. 20, 2007)*. Under this rubric, plaintiffs must prove the reasonableness of the fees claimed to recover. As with medical expenses, this includes the reasonableness of the rate charged. Thus, the Court finds that California court decisions and basic tort principles require Millennium to prove the reasonableness of the rates it claims as damages. Clearly then, Darwin may rebut Millennium's evidence.

Accordingly, insofar as Millennium orally moved to limit challenges to the reasonableness of the rates its counsel charged in this case, Millennium's oral motion is **DENIED**.

## II.   Darwin's Duty to Investigate

At the final pretrial conference on December 3, 2014, the Court addressed Millennium's proposed jury instruction on Darwin's duty to investigate, a modified version of CACI § 2332. Darwin argues this instruction applies only to "first-party" insurance cases, and that there is no duty to investigate in a third-party claim.

In fact, California law imputes a duty to investigate in third-party claims. "[A]n insurer's obligation of equitable contribution for defense costs arises where, after notice of litigation, a *diligent* inquiry by the insurer would reveal the potential exposure to a claim for equitable contribution, thus providing the insurer the opportunity for investigation and participation in the defense in the underlying litigation." *St. Paul Mercury Ins. Co. v. Mountain W. Farm Bureau Mut. Ins. Co.*,

210 Cal. App. 4th 645, 663 (2012), quoting *OneBeacon America Ins. Co. v. Fireman's Fund Ins. Co.*, 175 Cal.App.4th 183, 203 (2009) (italics added). At times, this diligent inquiry may be satisfied "by comparing the allegations of the complaint with the terms of the policy," *Horace Mann Ins. Co. v. Barbara B.,* 4 Cal.4th 1076, 1081, 17 Cal.Rptr.2d 210, 846 P.2d 792 (1993), *and* considering "the extrinsic facts [. . .] *known by the insurer* at the *inception* of the third party lawsuit," *Gunderson v. Fire Ins. Exch.,* 37 Cal.App.4th 1106, 44 Cal.Rptr.2d 272, 277 (Ct.App.1995) (emphasis in original). *Bock v. Travelers Prop. Cas. Ins. Co.*, 465 F. App'x 623, 625 (9th Cir. 2012).

The Ninth Circuit has suggested that there may be a further duty to investigate in some cases. *See Bock*, 465 F. App'x at 625. This may be triggered if the insurer is aware of any extrinsic facts at the time of tender that suggest further investigation is required. In *Bock*, the insurer specifically told the insured that if they knew of "any other facts or theories which . . . are relevant to the duty to defend . . . we welcome your thoughts and will give serious consideration to any information that you may provide." *Id.* However, because the insured provided no further facts, the insured was warranted in believing no further investigation was necessary. It is a question of fact, therefore, as to whether the extrinsic facts known to Darwin at the time of tender triggered a duty to conduct a further investigation.

As a result, the parties may argue whether the extrinsic facts known to Darwin at the time should have reasonably resulted in Darwin's further investigation of the tendered claim. Such a factual inquiry does not require any further instruction beyond the general duty of good faith and fair dealing. Therefore the Court will not include an instruction on the duty to investigate when instructing the jury.

### III. Travelers' Letter Tendering Claims

#### a. Time of Tender

On August 31, 2012, Travelers Property Casualty Company of America sent

1  a letter, through its counsel, to Darwin Select Insurance Company. In that letter,
2  Travelers intended "to formally tender Darwin the two actions" underlying the
3  present lawsuit. This letters' existence is undisputed, and the duty to defend begins
4  with the time of tender.

5  Darwin argues that because this letter was sent from a coinsurer, not from
6  Millennium directly, it is not proper tender. Under California law, contract
7  interpretations are the province of the court, as they are a legal issue. *Travelers*
8  *Cas. & Sur. Co. v. Am. Int'l Surplus Lines Ins. Co.*, 465 F. Supp. 2d 1005, 1012
9  (S.D. Cal. 2006). Because the contents and receipt of Travelers' letter is
10 undisputed, the Court determines as a matter of law that the letter was valid tender.

11 The duty to defend arises as soon as an insured tenders a third party lawsuit.
12 *Aerojet-Gen. Corp. v. Transp. Indem. Co.*, 17 Cal. 4th 38, 58 (1997). California
13 case law recognizes two types of valid tender: formal and constructive. *Truck Ins.*
14 *Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 979 (2000) ("*Unigard*").
15 Therefore the duty to defend may arise when the insurer receives "constructive
16 notice" of its contractual duty. *California Shoppers, Inc. v. Royal Globe Ins. Co.*,
17 175 Cal. App. 3d 1, 37 (1985). In *California Shoppers*, a letter sent by an insured
18 to an insurer containing only a complaint naming the insured as a defendant in a
19 suit and a copy of the summons was considered valid constructive notice of tender
20 of the defense, notwithstanding that the letter's envelope had the return name and
21 address of another unrelated entity also insured by that insurer. As the court
22 summarized, "given the appropriate circumstances, the law will charge a party with
23 notice of all those facts which he might have ascertained had he diligently pursued
24 the requisite inquiry." *Id.*

25 More on point is the *Unigard* case, an action for equitable contribution
26 between coinsurers. In that case, the defendant Unigard did not defend its insured
27 in the underlying lawsuit, claiming it was never tendered by its insured. The
28 plaintiff-coinsurer Truck did not notify Unigard of its potential liability in the

underlying lawsuit until after it was resolved. In finding for Unigard, the court concluded, "The notice should have been made promptly after Truck agreed to provide a defense. That is not to say that Truck had to tender the defense to Unigard. A simple notice regarding the possibility of contribution would have been sufficient." *Unigard*, 79 Cal.App.4th at 982.

In summary, "an *insured's* lack of tender or compliance with a policy provision is not fatal [...]; rather, adequate notice of the potential for contribution and the opportunity for investigation and participation in the defense in the underlying litigation will suffice." *OneBeacon America Ins. Co. v. Fireman's Fund Ins. Co.*, 175 Cal.App.4th 183, 201 (2009) (emphasis in original). Moreover, all state supreme courts confronted with this issue have ruled "that notice of suit is sufficient to tender a defense." *Home Ins. Co. v. Nat'l Union Fire Ins. of Pittsburgh*, 658 N.W.2d 522, 532 (Minn. 2003), *as modified on denial of reh'g (Apr. 3, 2003)* (citing Illinois, New Hampshire, and Wisconsin Supreme Court precedent).

Darwin's insistent ignorance of the long-established doctrine of constructive tender is surprising and hopefully not an attempt to intentionally mislead the Court. Based on clear precedent and the undisputed facts in this case, Travelers' letter is valid tender of the underlying lawsuit. In its letter Travelers states it is intended as a tender letter and includes all necessary information required to provide notice. As a result, the date of tender for purposes of the duty to defend the underlying lawsuits is August 31, 2012.

### b. Admissibility of Travelers' Letter

As the Court has previously ruled, permitting evidence of Travelers' belief that Darwin had a duty to defend the underlying lawsuits is unnecessarily prejudicial. However, this letter is probative in this case. As discussed regarding the duty to defend, Darwin's knowledge of extrinsic facts at the time of the denial of coverage is extremely relevant when determining whether Darwin breached its

duty of good faith and fair dealing, and as such this letter should be properly before the jury as evidence of the scope of Darwin's knowledge.

The Court is sensitive to Darwin's concerns over the possible prejudice of the letter. As such, the Court requires further redactions to mitigate this prejudice. On the second page, third paragraph, the language "and it highlights the responses which implicate Darwin's coverage" should be redacted. Only the following language in the first paragraph on page 3 is more relevant than prejudicial: "Travelers hereby demands that Darwin [REDACTED] participate in Millennium's defense in the *Calloway* matter[.]" The rest of the paragraph should be redacted. The second paragraph on page 3, only "In light of the upcoming September 14, 2012 mediation in the coverage matter, we ask for your reply no later than September 10th." is not overly prejudicial. The remainder of the paragraph should be redacted. Insofar as this modifies the Court's prior ruling on Darwin's third motion *in limine*, the Court **DENIES IN PART** that motion. Millennium is reminded that this letter goes to Darwin's adjusters' states of mind only, and it cannot be admitted for its truth.

### IV.   Millennium's Financial State

The Court **ORDERS** the parties to submit authority regarding the relevance of Millennium's financial condition to the determination of liability for breach of the duty of good faith and fair dealing. This may include no more than four cases from each party, to be attached as an appendix to their supplementary briefing due on December 18, 2014. The authority citations must not include any explanatory paragraphs.

### V.   Darwin's Motion to Terminate the Duty to Defend

Darwin has a duty to defend Millennium in the underlying *Ameritox* litigation, so long as there is a potential for coverage. *See Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993). This Court takes judicial notice that in the underlying case, Millennium has appealed the district court's

denial of its new trial motion. Because such a new trial would implicate the same duty as the first trial, Darwin's motion is **DENIED.** ECF 195.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Darwin's motion to terminate the duty to defend. The parties are ordered to submit "Supplemental Briefing" on whether *Brandt* fees should be bifurcated from the other damages. This briefing may not exceed five pages from each party. If the parties stipulate on this issue, they do not need to file Supplemental Briefing, but should file the stipulation with the Court. Supplemental Briefing or a stipulation must be submitted on or before **December 18, 2014**. The parties may attach a Notice of Authorities on the relevance of Millennium's financial condition at trial to the Supplemental Briefing. This Notice must include no more than four citations and must be presented without commentary.

**IT IS SO ORDERED.**

Dated: December 9, 2014

Hon. Cynthia Bashant
United States District Judge